

**FILED**
JUN 8 2000
Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RANDALL A. RINNER, AN Individual, | ) ) ) |
| Plaintiff, | ) 00CV0479H (E) ) |
| v. | ) Case No. _____ ) |
| THE UNITED STATES POSTAL SERVICE, | ) Jury Trial Awarded ) ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Randall A. Rinner, an individual (sometimes referred to herein as "Plaintiff"), and for his complaint against Defendant, THE UNITED STATES POSTAL SERVICE (sometime referred to herein as "Defendant"), alleges and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Randall A. Rinner is an individual residing in Broken Arrow, Tulsa County, Oklahoma. Mr. Rinner has been employed by the Defendant since 1986, when he was hired as a postal clerk. Since 1986, he has been vested with various and sundry responsibilities, including but not limited to, management and representative responsibilities.

2. Defendant is United States Postal Service, possessing the ability to sue and be sued pursuant to 39 U.S.C. Section 401(1), and is an independent establishment of the execute branch of the Government of the United States, pursuant to 30 U.S.C. Section 201.

3. Moreover, the transactions between Defendant and related parties and all associate acts complained of herein, arose and took place in Tulsa, Tulsa County, Oklahoma.

4. This Court possesses subject matter jurisdiction pursuant to 28 U.S.C. Section 1339, and may properly execute jurisdiction of the parties.

5. Venue lies in the district pursuant to 28 U.S.C. Section 1391.

6. Mr. Rinner, as before mentioned, has been employed by Defendant since in 1986. As an employee of Defendant, Mr. Rinner is required to comply with the Employee and Labor Relations Manual ("Employee Manual") established and enforced by Defendant.

7. Section 630 of the Employee Manual contains and established an Employee Suggestion Program wherein the Defendant agrees to compensate, reward and pay consideration to employees who supply ideas that benefit the Defendant.

8. The provisions of the Employee Manual of relevance are as follows:

> 631.11   These ideas, are to be promptly are decisively evaluated to ensure that their value is quickly realized.
>
> 631.13   Recognition for an adopted suggestion is granted to an employee whose suggestion "triggered" the management action.
>
> 631.   To reward employees for adopted suggestions and provide for appropriate recognition.
>
> 635.1  The award for adopted suggestions resulting in measurable benefits of $250.00 or more is 10% of the first year's savings up to a maximum award of $35,000.

9. On or about December 7, 1993, Plaintiff initiated an Employee Suggestion pursuant to the above Sections and procedures on a Form as designated by the Defendant. The Suggestion was received by the Defendant on or about the 16th of December, 1993.

10. On or about April 8, 1994, the Manager for Customer Service in Tulsa County recommended that Suggestion for implementation, and forwarded same to the Regional Office for review.

11. Upon receipt, the Employee Suggestion Program Administrator recommended that Suggestion for National implementation on or about April 12, 1994, and forwarded notice to Plaintiff regarding same. Moreover, said Administrator forwarded the Suggestion to Washington, D.C. with recommendation that same be implemented nationally.

12. Subsequently, Plaintiff received no payment or notice about the status for approximately three (3) years.

13. Consequently, during said three (3) year period, from April 12, 1994 to June 9, 1997, Plaintiff forwarded several letters to all parties involved inquiring about compensation and the status of the Suggestion. Additionally, the Plaintiff initiated numerous phone calls regarding same. Eventually, only after involving U.S. Senator Don Nickles, a representative of Defendant in Washington, D.C. denied Plaintiff compensation. Said notice was received by Plaintiff on June 9, 1997.

14. The Defendant acted unfairly, inequitably and in bad faith in depriving Plaintiff of compensation and payment for not adhering to the policies, practices and agreements established in the Employee Manual. Under the terms of the Plaintiff's employment agreement, each party had a duty to perform their agreement fairly and in good faith.

15. The Defendant has received an unjust reward by implementing the Employee Suggestion and failing to pay adequate compensation in exchange.

16.     The Plaintiff is entitled to recover under theories of breach of contract, breach of implied contract established by the policies and procedures of the Defendant, quantum meruit considerations, and any and all other forms of relief.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in the amount of $35,000, court costs, attorneys fees, applicable interest, and such other relief as the Court deems appropriate.

Respectfully submitted,

E. Scott Pruitt, OBA#15828
100 West Fifth Street
808 Oneok Plaza
Tulsa, Oklahoma 74103-4225
(918) 582-1234 Telephone
(918) 585-9447 Facsimile
ATTORNEYS FOR PLAINTIFF

Jury Trial Demanded

4